IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10007
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BALDEMAR GONZALEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-130-2
--------------------
November 13, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Proceeding <u>pro</u> <u>se</u>, Baldemar Gonzalez appeals his guilty-plea conviction and sentence for possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. Gonzalez has filed a motion to supplement the record and a motion for leave to file an out-of-time reply to the Government's opposition to his motion to supplement the record. These motions are DENIED. Gonzalez has also filed a motion to extend the time for filing a reply brief

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and a motion to have the reply brief considered timely filed due to mitigating circumstances.  These motions are GRANTED.

Gonzalez argues that the district court erred in attributing 3.5 kilograms of cocaine to him because the negotiated sale of that amount was never consummated.  The district court did not clearly err in finding that the negotiated, but unconsummated, sale of 3.5 kilograms of cocaine by Gonzalez to an undercover officer was a separate transaction from the transaction which led to Gonzalez's arrest.  See United States v. Morris, 46 F.3d 410, 422 (5th Cir. 1995).  Moreover, a de novo review of the record reveals no error in the district court's application of the sentencing guidelines to the facts of Gonzalez's case.  See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002).

Gonzalez also asserts, for the first time on appeal, that the Government breached the plea agreement in his case by advocating that he be held accountable for a drug quantity higher than that stipulated to in the factual resume which formed the basis for the guilty plea.  Gonzalez has not shown that his interpretation of the plea agreement was reasonable; thus he has not shown plain error with respect to this claim.  See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.